```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON
```

**KENNETH EDWARD CHANCE, JR.,**

      **Plaintiff,**

v.                                              Case No. 2:08-cv-01156

**JIM SPEARS, Secretary, West Virginia
Dept. of Military Affairs & Public Safety,
JIM RUBENSTEIN, Commissioner, West Virginia
Division of Corrections, CHARLENE SOTAK,
Inmate Grievance Coordinator, West Virginia
Division of Corrections, DAVID BALLARD,
Warden, Mount Olive Correctional Complex,
PAUL LYTTLE, Acting Warden, Mount Olive
Correctional Complex, JOHN/JANE DOE,
WEST VIRGINIA DIVISION OF PURCHASING,
WEXFORD HEALTH SOURCES, INC.,
DR. EBENEZER OBENZA, M.D.,and
DR. SUHBASH GAJENDRAGADKAR, M.D.,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is a Motion to Dismiss on Behalf of Defendants Jim Spears and Paul Lyttle (docket sheet document # 77). This matter is referred to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Motion to Dismiss first asserts that defendant Jim Spears, the Secretary of the West Virginia Department of Military Affairs

and Public Safety, was improperly served with process and, thus, the court lacks jurisdiction over him. (# 77 at 3). The Motion to Dismiss further asserts that the remaining claims in Plaintiff's First Amended Complaint do not contain any allegations against either defendant Spears or defendant Paul Lyttle, who is now deceased. (Id.)

### Failure to properly serve defendant Spears

Service of process was initially ordered to be completed by the United States Marshals Service (the "USMS"). (# 10). On November 7, 2008, a Return of Service was filed, indicating that service of process had been attempted on defendant Jim Spears, by serving Scott Pauley, the Deputy Director of the West Virginia Department of Military Affairs and Public Safety. (# 19). This failure in service of process was the fault of the USMS and is not attributable to Plaintiff. Nevertheless, for the reasons stated below, the undersigned proposes that the presiding District Judge **FIND** that service of process on defendant Spears is not necessary.

### Failure to state a claim against defendants Spears and Lyttle

The only allegations in Plaintiff's Amended Complaint that were made against defendants Spears and Lyttle were contained in the claims that have previously been dismissed by the presiding District Judge. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted

against either of these defendants.

It is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, the presiding District Judge **GRANT** the Motion to Dismiss filed on behalf of defendants Spears and Lyttle (# 77) and **DISMISS** the First Amended Complaint as it pertains to those defendants, because it fails to state a claim upon which relief can be granted against them.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge  for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Synder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

    The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

      January 14, 2010  
          Date

Mary E. Stanley  
United States Magistrate Judge

4