```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTEHRN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

KENNETH EDWARD CHANCE, JR.,

    Plaintiff,

v.                                                        Civil Action No. 2:08-01156

JIM RUBENSTEIN, Commissioner, West Virginia
Division of Corrections; CHARLENE SOTAK,
Inmate Grievance Coordinator,
West Virginia Division of Corrections;
DAVID BALLARD, Warden,
Mount Olive Correctional Complex;
WEST VIRGINIA DIVISION OF PURCHASING,
WEXFORD HEALTH SOURCES, INC.,
PILAR OBENZA, as Executrix and
Personal Representative of
the Estate of DR. EBENEZER OBENZA, M.D.;
and DR. SUHBASH GAJENDRGADKAR, M.D.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the following motions: a Motion for Summary Judgment filed by defendants Wexford Health Sources, Inc., Dr. Subhash Gajendragadkar, and Pilar Obenza, as Executrix and Personal Representative of the Estate of Dr. Ebenezer Obenza (Doc. No. 131), a Motion for Summary Judgment filed on behalf of the Estate of Dr. Ebenezer Obenza for the Period of October 7, 2006 to May 1, 2008 (Doc. No. 133), and a Motion for Summary Judgment filed by defendants Jim Rubenstein, Charlene Sotak, and David Ballard (Doc. No. 136). By Standing Order, this action was referred to United States Magistrate

Judge Mary E. Stanley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Stanley submitted to the court her Findings and Recommendation on September 16, 2011, in which she recommended that the Defendants' motions for summary judgment be granted.  (Doc. No. 146).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's Findings and Recommendation.  The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On September 27, 2011, the Plaintiff timely filed his pro se objections to the Proposed Findings and Recommendation ("PF&R") of the Magistrate Judge.  (Doc. No. 147).   The court has reviewed de novo those portions of the PF&R to which the Movant objects and **FINDS** that the objections lack merit.  Accordingly, the court **ADOPTS** and incorporates herein the Magistrate Judge's PF&R.[1]

---

[1] There being no objection, the court adopts the findings of fact and procedural history from the PF&R in whole.  (Doc. No. 146, pp. 2-8).

THE PLAINTIFF'S OBJECTIONS

<u>Objection I.</u>

The Plaintiff asserts that Magistrate Judge Stanley has "either misinterpreted or misstated Plaintiff's statements within his Response to the Summary Judgment motions." (Doc. No. 147 at p.1). "Plaintiff objects to the [Magistrate Judge's] statements on p. 19, wherein the [Magistrate Judge] states: 'The plaintiff then suggests a completely new hypothesis for his symptoms: he suggests that he may be suffering from chronic kidney failure, and points out that he only has one kidney, after losing his right kidney to cancer at the age of seven.'" (<u>Id.</u>). The Plaintiff argues that Magistrate Judge Stanley has mischaracterized his factual statements in his Response to the summary judgment motions as a "new hypothesis." The Plaintiff argues instead that he was attempting to show the court the seriousness of his condition with regards to his urinary blockage.

The Plaintiff's objection is without merit. As the Magistrate Judge points out, this court has already determined that "the conditions at issue – manifested by inability to urinate followed by loss of bladder control, chronic severe pains, shooting pains and numbness – are objectively serious medical problems by Eighth Amendment standards." (Doc. No. 68 at p. 9; <u>see</u> <u>also</u> Doc. No. 146 at p. 13). Therefore,

Plaintiff's statement "[t]his is not a new hypothesis for Plaintiff's symptoms, but rather clearly, unequivocally establishes how serious urinary tracts blockage can be to the body" (Doc. No. 147 at p. 1, punctuation changed from original) is not really an objection at all. The Magistrate Judge, as well as this court, have previously recognized that the medical problems the Plaintiff complains of are serious. (Doc. No. 68 at p.9). The court therefore **OVERRULES** the Plaintiff's first objection.

Objection II.

The Plaintiff next makes a series of factual assertions, which have been consolidated for the purposes of this Order. In short, the Plaintiff has brought forth "new evidence" by reciting conversations he had during recent medical examinations. (See Doc. No. 147 at pp. 2-4). The Plaintiff's main objection seems to be that he has not yet been diagnosed. Thus, he states, his treatment cannot have been proper. The Plaintiff argues that summary judgment should be denied "to allow the matter to proceed until applicable defendants cause a diagnosis to be found and treatment for those specified serious medical conditions by whatever medical professionals are needed." (Doc. No. 147 at p. 5).

The Plaintiff's allegations that he has not yet been diagnosed amounts to a disagreement with his doctors over his

diagnosis and the proper course of treatment. It is well settled that disagreements between a health care provider and an inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are not subject to judicial review. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). An inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not that "which may be considered merely desirable" to the inmate. Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

    The court finds that Mr. Chance has received care that is more than adequate, and any evidence he raises is simply a disagreement between the inmate and his health care providers over his diagnosis and the proper course of treatment. The complaints raised by Mr. Chance and his "new evidence" do not approach the level of a constitutional violation that is required to sustain an Eighth Amendment violation. As the Defendants point out, if anything, Mr. Chance's new evidence shows that "his medical conditions and symptoms have been taken seriously by the medical care providers at the correctional facility." (Doc. No. 150 at p. 2). Nor would it be proper for this court to, as the Plaintiff suggests, delay summary judgment until doctors at the correctional facility find a diagnosis with

which the Plaintiff agrees.  For these reasons, the Plaintiff's second objection relating to his diagnosis is **OVERRULED**.

Objection III.

Finally, the Plaintiff asserts a series of factual statements which include a statement of his current medical condition and conversations with a different doctor at the correctional facility.  (See Doc. No. 147 at pp. 2-4).  The Plaintiff's objection is general and conclusory, and is not entitled to a de novo review by this court.  "[T]his Court need not conduct a de novo review when a party 'makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.'"  Ashworth v. Berkebile, No. 5:09-cv-01106, 2010 U.S. Dist. LEXIS 138413, at *6-7 (S.D.W. Va. Dec. 27, 2010) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).  The Plaintiff has failed to point the undersigned to any specific errors in the Magistrate Judge's PF&R.  For this reason, the court **OVERRULES** the remaining statements in the Plaintiff's Objections, and finds that they lack merit.

CONCLUSION

For the reasons set forth above, the court **OVERRULES** the Plaintiff's objections to Magistrate Judge's PF&R, **ADOPTS** the Magistrate Judge's findings and recommendations (Doc. No. 146), and **ORDERS** as follows:

1) Defendants' Wexford Health Sources, Inc., Dr. Subhash Gajendragadkar, and Pilar Obenza, as Executrix and Personal Representative of the Estate of Dr. Ebenezer Obenza Motion for Summary Judgment (Doc. No. 131) is **GRANTED**;

2) Defendant Dr. Ebenezer Obenza's Motion for Summary Judgment for the period of October 7, 2006 to May 1, 2008 (Doc. No. 133) is **GRANTED**;

3) Defedants' Jim Rubenstein, Charlene Sotak, and David Ballard's Motion for Summary Judgment (Doc. No. 136) is **GRANTED**; and

4) This matter is **DISMISSED** from the court's active docket. The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** on this 12th day of June, 2012.

ENTER:

_David A. Faber_ (signature)

David A. Faber
Senior United States District Judge